UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICIA ENE, JULIAN BETANCOURT, | § | CAUSE NO. 4:09-CV-02453 |
| BENJAMIN MATTHEW RUIZ-STUPI, | § | Consolidated with: |
| AIMEE MCPHERSON, YVES | § | CAUSE NO. 4:12-cv-01526 |
| ANTOINE, SEAN CUMMINGS, AND | § | CAUSE NO. 4:12-cv-01594 |
| DONALD BRADETICH, individually | § | |
| and on behalf of all others similarly | § | CLASS/COLLECTIVE ACTION |
| situated; | § | |
| | § | JURY TRIAL DEMANDED |
| vs. | § | |
| | § | |
| MAXIM HEALTHCARE SERVICES, | § | |
| INC. | § | |

**JUDGMENT AND ORDER OF FINAL APPROVAL
GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND CERTIFICATION OF THE SETTLEMENT CLASS**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Parties' Stipulation and Settlement Agreement (the "Final Approval Motion"). After review and consideration of the Stipulation and Settlement Agreement (the "Stipulation"), the declaration of the Claims Administrator, and other papers filed in support of the Final Approval Motion; and having received no objections to the proposed Settlement; and having conducted a final fairness hearing on the matter on November 2, 2012, it is hereby ORDERED that the Final Approval Motion is GRANTED. IT IS FURTHER ORDERED as follows:

1.      The terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Stipulation.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Court hereby makes final, for the purposes of the settlement only, the settlement of the state law claims in this action, as embodied in the terms of the Stipulation. The Court finds that the settlement of the state law claims is fair, reasonable and adequate, and in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural considerations raised by

this case. Solely for the purpose of settlement, and pursuant to Rule 23, the Court hereby makes

final the certification of the following Rule 23 settlement classes and finds that all individuals

within the class definitions set forth below are to be bound by this Judgment, except those who

filed a timely and valid Opt-Out Form and so excluded themselves from the Rule 23 classes in

accordance with the terms of the Stipulation and Class Notice:

    a.    All persons who were or are employed by Maxim as a salaried Recruiter in California at any time from April 5, 2006 through the date of the Order Granting Preliminary Approval;

    b.    All persons who were or are employed by Maxim as a salaried Recruiter in Illinois at any time three (3) years prior to the date of the Order Granting Preliminary Approval;

    c.    All persons who were or are employed by Maxim as a salaried Recruiter in New York at any time six (6) years prior to the date of the Order Granting Preliminary Approval;

    d.    All persons who were or are employed by Maxim as a salaried Recruiter in Oregon at any time six (6) years prior to the date of the Order Granting Preliminary Approval; and

    e.    All persons who were or are employed by Maxim as a salaried Recruiter in Pennsylvania at any time three (3) years prior to the date of the Order Granting Preliminary Approval.

    3.    Solely for the purpose of settlement, and pursuant to the collective action

procedures of Section 216(b) of the Fair Labor Standards Act ("FLSA"), the Court makes final

the certification of the following FLSA settlement classes, and finds that all individuals within

the FLSA class definitions described below are to be bound by this Judgment:

    a.    All Existing FLSA Opt-Ins who have filed timely and valid consent to join forms in the *Ene* action, *Betancourt* action, or *Ruiz-Stupi* action as of March 31, 2012, and the Tolling Beneficiaries subject to the tolling agreement in the dismissed *Gillespie v. Maxim Healthcare Services, Inc.* action dated August 1, 2011; and

    b.    All Potential FLSA Opt-Ins covered by the operative complaints in the *Ene* action, the *Betancourt* action, or the *Ruiz-Stupi* action, employed during the three (3) years prior to the date of the Order Granting Preliminary Approval, who have filed a timely and valid Claim and

Consent to Join Settlement Form in accordance with the terms of the Stipulation and Class Notice.

4.      Two (2) Class Members have submitted timely and valid requests for exclusion from the Rule 23 classes in accordance with the terms of the Stipulation and Class Notice.  No Class Member has submitted an objection to the Settlement.  Pursuant to Stipulation section 2.5.4.1, the Court approves Maxim's acceptance of four (4) unpostmarked Claim and Consent to Join Settlement Forms ("Claim Forms") that were received by the Claims Administrator on October 25, 2012 and eight (8) Claim Forms that were postmarked October 23, 2012 and received by the Claims Administrator on October 26, 2012.  The Court also approves Maxim's acceptance of any additional individuals who submit valid Claim Forms postmarked by November 1, 2012 pursuant to the "skip trace" procedure in Stipulation section 2.5.10.

5.      The Court orders that the Settlement Class is certified for settlement purposes only.  The fact that the parties were willing to stipulate to class/collective action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class/collective action is properly certified in any non-settlement context.  The Court's findings are solely for purposes of certifying the Settlement Class and will not have any claim, issue, evidentiary preclusion, precedent, or estoppel effect in any other action against the Defendant Releasees or in this action should the Effective Date not occur for any reason.

6.      The Court finds that final certification of the Rule 23 classes, solely for purposes of settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have fairly and adequately represented and protected the

3

interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      The Court finds that the Class Notice issued to the proposed Class has been provided in accordance with the Court's Preliminary Approval Order; that such Notice by mail has been given in an adequate and sufficient manner; and that such Notice constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. This Court further finds that the Class Notice complied with Rule 23(c)(2) and Rule 23(e).

8.      The Court finds that Defendant has timely and properly filed notification of this Settlement with the appropriate governmental officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.      The Court finds that the Stipulation was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

10.     The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and expected duration of the litigation and the risks involved in establishing liability, damages and in maintaining the class and collective actions through trial and appeal.

11.     The parties agree to and the Court approves a modification to the tax withholding, payment and reporting procedures described in paragraph 2.3 of the Stipulation and Settlement Agreement and section VII of the Class Notice. Specifically, Maxim directly may pay, withhold and report any amounts to Participating Claimants which the Claims Administrator is obligated to pay, withhold or report with an appropriate reduction to Maxim's obligation to fund the Qualified Settlement Fund with respect to the same.

12.     This action is hereby dismissed on the merits, with prejudice.

13.     The Court orders that in accordance with paragraphs 1.39 and 1.43 of the Stipulation and the Section V.5 of the Class Notice, all Settlement Class Members shall be bound by the Released Non-FLSA Claims if the Effective Date occurs, and this Judgment and Order of Final Approval shall have the force and effect of res judicata as to each Settlement Class Member.

14.     The Court orders that in accordance with paragraphs 1.38 and 1.43 of the Stipulation and Section V.6 of the Class Notice, all Existing FLSA Opt-ins, as well as any Potential FLSA Opt-ins and Rule 23 Class Members who submitted a timely and valid Claim and Consent to Join Settlement Form pursuant to the Stipulation, respectively, shall be bound by the Released FLSA Claims if the Effective Date occurs, and this Judgment and Order of Final Approval shall have the force and effect of res judicata as to each such person.

15.     Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement.   In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over the parties and each Class Member for any suit, action, proceeding or dispute arising out of or relating to this Order, the Stipulation, or the applicability of the Stipulation, including but not limited to any dispute as to whether any person is a Class Member or disputes between any of the Defendant Releasees and any Class Member which in any way relates to the applicability or scope of the Stipulation or the Final Judgment and Order of Dismissal.

16.     Without limiting the generality of the foregoing, any dispute concerning the Stipulation, including, but not limited to, any suit, action, arbitration or other proceeding by a

5

Class Member in which the provisions of the Stipulation are asserted as a defense, in whole or in part, to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.    The Court approves Class Counsel's request for 35% of $12,285,000.00 (or $4,299,750) as reasonable attorneys' fees and for reimbursement of $200,000 in reasonable costs and litigation expenses based on a review and consideration of Plaintiffs' Unopposed Motion for Fees and Costs (Dkt. 174).  The Claim Administrator's reasonable estimated fee of $75,382.10 is also hereby approved.  The Court also approves Defendant's LWDA Payment of $50,000 in accordance with the terms of the Stipulation.  The Court also approves the payment of the Enhancement Awards of $5,000 to each Class Representative pursuant to the terms of the Stipulation.

18.    For the avoidance of doubt and to effectuate the terms of the Settlement, the Court hereby establishes and approves the following deadlines and dates for the acts and events as set forth in the Stipulation as follows:

| DESCRIPTION | TIMEFRAME | DATE |
| --- | --- | --- |
| Entry of Judgment and Order of Final Approval | Date of Final Approval Hearing (or another date to be determined by the Court as set forth on this Order). | November 2, 2012 |

6

| | | |
|---|---|---|
| Deadline for Class Counsel to submit executed statement authorizing payment of all attorneys' fees and costs to Fibich Hampton Leebron Briggs & Josephson L.L.P. | No later than 2 business days after Final Approval and Fairness Hearing | November 6, 2012 |
| Final Judgment and Effective Date | 31 days after entry of Judgment | December 4, 2012 |
| Deadline for Funding and Payment of Attorneys' Fees and Costs | 5 calendar days from Effective Date. *See* Stipulation ¶2.10.4. | December 10, 2012 |
| Deadline for funding by Maxim of Court-approved Class Representatives' Enhancement Awards, the Administrative Costs, and the amount needed to pay the Settlement Payments to the Participating Claimants. | Within 20 calendar days after the Effective Date.  In the case of disputed claims, if such claims are not resolved by the Effective Date, then within 20 calendar days of receipt of notice of the final decision with respect to such claims. *See* Stipulation ¶2.7.1. | December 24, 2012 |
| Deadline for Maxim to mail payment to California Labor and Workforce Development Agency (LWDA). | *See* Stipulation ¶ 2.25. | December 24, 2012 |
| Deadline for Claims Administrator to mail individual payments to each Participating Claimant. | Within 15 calendar days after Defendant has made the payment set forth in ¶2.7.1. *See* Stipulation ¶2.8.1. | January 8, 2013 |

19.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment and then close this case.

IT IS SO ORDERED.

DATED: ___11/2/12___

_____

Honorable Stephen Wm. Smith
United States Magistrate Judge